IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHOK V. SHAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, )<br>)<br>Defendant. ) | Case No.: 1:07-cv-00554-UNA |

## ANSWER

Defendant Bank of America ("Defendant"), through undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint and states as follows:

1.  Defendant responds to the first unnumbered paragraph of Plaintiff's Complaint as follows. Defendant denies that Plaintiff was ever employed by, or that Plaintiff's employment was ever terminated by, Defendant. Defendant admits that in 2006 Plaintiff was placed with Defendant by Adecco for a temporary assignment and that Defendant requested that Adecco discontinue his temporary assignment. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of the first unnumbered paragraph and, therefore, denies the same.

2.  Defendant responds to the second unnumbered paragraph of Plaintiff's Complaint as follows. Defendant denies that Plaintiff's temporary assignment was ended due to discrimination based on race or national origin. Defendant admits that on or about January 8, 2007, Plaintiff filed a Charge of Discrimination against Defendant, and that the Delaware

Department of Labor issued a Final Determination and Right to Sue Notice on or about February 28, 2007.

3. Defendant responds to the third unnumbered paragraph of Plaintiff's Complaint as follows. Defendant is without knowledge or information sufficient to admit or deny Plaintiff's allegation that he is a U.S. citizen and, therefore, denies the same. Defendant denies that Plaintiff was discriminated against by Defendant on any basis and denies that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

4. Defendant responds to the fourth unnumbered paragraph of Plaintiff's Complaint as follows. Defendant denies that Plaintiff was discriminated against by Defendant on any basis and denies that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

5. Defendant responds to the fifth unnumbered paragraph of Plaintiff's Complaint as follows. Defendant is without knowledge or information sufficient to admit or deny the allegation of the fifth unnumbered paragraph of Plaintiff's Complaint and, therefore denies the same.

Defendant further responds to Plaintiff's Complaint by stating that any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Plaintiff was never an employee of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot establish a prima facie case of discrimination under any theory.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Defendant's conduct with respect to Plaintiff and the reasons therefor were in all cases legitimate and nondiscriminatory.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for its conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional and/or legally prohibited discrimination.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, Plaintiff's claims are not actionable because the same decisions would have resulted even if an impermissible purpose had been considered.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that Plaintiff's claims are not actionable because of the after-acquired evidence doctrine should be facts reveal this to be the case upon the completion of discovery.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that Plaintiff has failed to mitigate his damages, if any, should the facts reveal this to be the case upon the completion of discovery.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are not actionable because Plaintiff failed to exhaust his administrative remedies and/or failed to file a timely charge of discrimination with the appropriate administrative agency and/or because Plaintiff's claims were not investigated or considered by the administrative agency should the facts reveal this to be the case upon the completion of discovery.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner should the facts reveal this to be the case upon the completion of discovery.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages with respect to any of his claims because Defendant did not engage in discriminatory practices, did not act with malice or in reckless or willful indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious, or improper manner that would support any award of punitive damages in this matter and because Defendant has made good faith efforts to comply with its duties under the law.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, Defendant having answered Plaintiff's Complaint, respectfully requests that the Court dismiss all of Plaintiff's claims against Defendant with prejudice, enter judgment in favor of Defendant and against Plaintiff as to each of Plaintiff's claims, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper in this case.

{Signature on following page}

        Respectfully submitted,

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Margaret M. DiBianca, Esquire*
        Sheldon N. Sandler, Esquire (No. 245)
        Margaret M. DiBianca, Esquire (No. 4539)
        The Brandywine Building, 17th Floor
        1000 West Street
        P.O. Box 391
        Wilmington, DE 19899-0391
        Telephone: (302) 571-6673
        Facsimile: (302) 576-3330
        Email: ssandler@ycst.com

Dated: September 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this the 24th day of September, 2007, a copy of the foregoing Answer was served by United States Mail, postage pre-paid, on Plaintiff *pro se*:

>Ashok V. Shah
>P.O. Box 1182
>New Castle, DE 19702

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Margaret M. DiBianca, Esquire*
>_____
>Sheldon N. Sandler, Esquire (No. 245)
>Margaret M. DiBianca, Esquire (No. 4539)
>The Brandywine Building, 17th Floor
>1000 West Street
>P.O. Box 391
>Wilmington, DE 19899-0391
>Telephone: (302) 571-6673
>Facsimile: (302) 576-3330
>Email: ssandler@ycst.com